IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS T. ESPADA-SANTIAGO,
    Plaintiff,

    v.

HOSPITAL EPISCOPAL SAN LUCAS, et al.,
    Defendants.

Civil No. 07-2221 (ADC)

## OPINION AND ORDER

Plaintiff, Carlos T. Espada-Santiago ("plaintiff"), filed suit against, *inter alia*, defendant, Hospital Episcopal San Lucas ("defendant" or "HESL"), alleging claims under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd (2000), and Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, §§ 5141, 5142. Defendant moved to dismiss the complaint on April 14, 2008. **Docket No. 12**.

Now before the court is the Report and Recommendation ("R & R") issued by Magistrate-Judge Marcos E. López ("Magistrate-Judge") on February 10, 2008, denying defendant's motion to dismiss, and defendant's objections thereto. **Docket Nos. 73, 80**. After conducting a thorough examination of the record and the applicable case law, the court **ADOPTS** the R & R in full. Thus, defendant's motion to dismiss (**Docket No. 12**) is **DENIED**.

### I. Factual Background

Inasmuch as defendant has not made a specific objection to the Magistrate-Judge's recitation of the factual background, the court hereby adopts the same. **Docket No. 73**, at 2-3.

### II. Applicable Standards of Review

#### A. Standard of Review for Objections to a Report and Recommendation

A district court may refer pending motions to a magistrate-judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); L. Cv. R. 72(a). Any party adversely affected by the recommendation issued may file written objections within ten (10) days of being served with the report and recommendation. 28 U.S.C. § 636(b)(1). A party that

files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). The objections must specifically identify those findings or recommendations to which objections are being made. "The district court need not consider frivolous, conclusive, or general objections." *Rivera-García v. United States*, Civ. No. 06-1004 (PG), 2008 WL 3287236, *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987)). Moreover, to the extent the objections amount to no more than general or conclusory objections to the report and recommendation, without specifying to which issues in the report she is objecting, or where the objections are repetitive of the arguments already made to the magistrate-judge, a *de novo* review is unwarranted. *Id.* "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")).

In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636 (a)(b)(1); *see also Templeman v. Cris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo-Rodríguez v. Pfizer Pharma., Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Hence, the court may accept those parts of the report and recommendation to which the plaintiff does not object. *See Hernández-Mejías v. General Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F. Supp. 2d 114, 125-26 (D.R.I. 2004)).

**B**.     **Motion to Dismiss Standard Under Fed. R. Civ. P. 12(b)(6)**

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court "take[s] as true all well-pleaded allegations and draw[s] all reasonable inferences in the plaintiff's favor." *Ezra Charitable Trust v. Tyco Int'l, Ltd.*, 466 F.3d 1, 5-6 (1st Cir. 2006). The inquiry is therefore

limited to facts alleged in the complaint, incorporated into the complaint, or susceptible to judicial notice. *See In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003); *Young v. Lepone*, 305 F.3d 1, 11 (1st Cir. 2002) ("The fate of a motion to dismiss under Rule 12(b)(6) ordinarily depends on the allegations contained within the four corners of the plaintiff's complaint."). "The court need not accept a plaintiff's assertion that a factual allegation satisfies an element of a claim, however, nor must a court infer from the assertion of a legal conclusion that factual allegations could be made that would justify drawing such a conclusion." *Cordero-Hernández v. Hernández-Ballesteros*, 449 F.3d 240, 244 n.3 (1st Cir. 2006). However, plaintiff "must allege 'a plausible entitlement to relief.'" *Rodríguez-Ortíz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir. 2007) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1967 (2007)).

**III.   Analysis**

    **A.   Defendant's Objections to the R & R**

Defendant's primary objection is that the Magistrate-Judge erred in failing to dismiss plaintiff's EMTALA claim. **Docket No. 80**. Specifically, defendant contends that plaintiff failed to allege facts to support a cause of action for failure to stabilize under the EMTALA.[1] The Magistrate-Judge, however, recommended that the court deny defendant's motion to dismiss inasmuch as plaintiff's allegation create a reasonable inference that plaintiff's mother was improperly discharged from HESL in violation of the EMTALA. **Docket No. 73**.

    **B.   Discussion**

The EMTALA has two linchpin provisions. The first, codified in section 1395dd(a) of Title 42 U.S.C., requires that a participating hospital afford an appropriate medical screening to all persons who come to its emergency room seeking medical assistance. *See* 42 U.S.C. § 1395dd(a). The second, codified in section 1395dd(b) of Title 42 U.S.C., requires that if an emergency medical condition exists, the participating hospital must render the services that

---

[1] The Magistrate-Judge found that the complaint failed to allege a cause of action for a "screening" violation of the EMTALA. **Docket No. 73**, at 7-8. No objection has been filed to said recommendation. After reviewing the same, the court agrees with the Magistrate-Judge.

are necessary to stabilize the patient's condition, *id.* § 1395dd(b)(1)(A), unless transferring the patient to another facility is medically indicated and can be accomplished with relative safety. *Id.* § 1395dd(b)(1)(B), (c)(1). The EMTALA authorizes private rights of action against those who fail to comply with its mandates. *Id.* § 1395dd(d)(2).

To establish an EMTALA violation, a plaintiff must show that: (1) the hospital is a participating hospital, covered by EMTALA, that operates an emergency department (or an equivalent treatment facility); (2) the patient arrived at the facility seeking treatment; and (3) the hospital either (a) did not afford the patient an appropriate screening in order to determine if she had an emergency medical condition, or (b) bade farewell to the patient (whether by turning her away, discharging her, or improvidently transferring her) without first stabilizing the emergency medical condition. *See Correa v. Hosp. San Francisco*, 69 F.3d 1184, 1190 (1st Cir. 1995) (citing *Miller v. Medical Ctr. of S.W. La.*, 22 F.3d 626, 628 (5th Cir. 1994); *Stevison v. Enid Health Sys., Inc.*, 920 F.2d 710, 712 (10th Cir. 1990)).

With regards to a hospital's obligation to stabilize a patient prior to transferring and/or discharging her, section 1395dd(b) provides that "[o]nce the hospital makes the determination that the patient is suffering from an emergency condition, the hospital must provide reasonable treatment to stabilize the patient's emergency situation before discharging or transferring him or her." *Torres-Otero v. Hosp. General Menonita*, 115 F. Supp. 2d 253, 259 (D.P.R. 2000). Though other Circuits have held otherwise, the Court of Appeals for the First Circuit has stated that the duty to stabilize a patient is activated only if the hospital uncovers an emergency medical condition, *see López-Soto v. Hawayek,* 175 F.3d 170, 172 (1st Cir. 1999), and applies only in the context of patients who are discharged or transferred to another hospital. *See Correa,* 69 F.3d at 1190 ("To establish an EMTALA violation, a plaintiff must show that . . . the hospital bade farewell to the patient (whether by turning her away, discharging her, or improvidently transferring her) without first stabilizing the emergency medical condition."); *Marrero v. Hosp. Hermanos Meléndez*, 253 F. Supp. 2d 179, 198 (D.P.R. 2003) ("A hospital violates its duty to stabilize under EMTALA when it fails to stabilize a patient before transferring or discharging him or her."); *Torres-Otero v. Hosp. General Menonita,*

115 F. Supp. 2d 253, 260 (D.P.R. 2000) ("[T]he duty to stabilize exists not in a vacuum, but rather in reference to a transfer of the patient from the hospital."), *but see Torretti v. Paoli Memorial Hosp.*, No. 06-3003, 2008 WL 268066, 3 (E.D.Pa. Jan. 29, 2008) (stating that the "EMTALA places *three* burdens on a hospital: appropriate medical screening, stabilizing treatment of a known emergency condition, and restricting transfer until a patient is stabilized")(emphasis ours).

In the present case, plaintiff avers that: (1) his mother visited HESL, suffering from abdominal pain and vomits; (2) his mother underwent a triage by a nurse, after which she was evaluated by a doctor; (3) a physical examination was conducted, a CBC, X-rays and ultrasound, were ordered; (4) per the emergency room medical record, a diagnostic impression of colelithiasis was reached; (5) the X-ray report was suggestive for pneumonia, the ultrasound report was suggestive for colelithiasis; (6) his mother was a diabetic, with a previous history of cancer, conditions which compromises her immune system; and (7) her previous medical history and clinical condition, plaintiff's mother was discharged in "alleged" stable condition. **Docket No. 1**, at ¶ 17.  Nonetheless, defendant contends that plaintiff has failed to plead a EMTALA claim because plaintiff failed to allege that his mother had an "emergency medical condition," that she was unstable at the time she was discharged, or to explain how her prior medical history affected her diagnosis.  The court does not agree. Based upon the above, the court, as did the Magistrate-Judge before it, finds that plaintiff has adequately *plead,* at least at this stage,  a cause of action under the EMTALA. *See* Fed. R. Civ. P. 8. Reading the complaint in a light most favorable to plaintiff, as the court must at this stage, plaintiff has provided enough for the court to infer that his mother suffered from a emergency medical condition—abdominal pain and vomiting—that she was discharged even though she was not yet stable, *id.* (plaintiff's mother was discharged in "alleged" stable condition), and that her prior medical conditions exacerbated her condition[2].  Accordingly, the court finds no error with the Magistrate-Judge's recommendation.

---

[2] Defendant's assertions perhaps, may be better evaluated at the summary judgment stage.

Further, since the court declines to dismiss plaintiff's federal law claims, it will exercise pendent jurisdiction over plaintiff's state law claims. *See BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4*, 132 F.3d 824, 833 (1st Cir. 1997) ("A federal court that exercises federal question jurisdiction over a single claim may also assert supplemental jurisdiction over all state-law claims that arise from the same nucleus of operative facts.") (citations omitted).

**IV.    Conclusion**

In light of the foregoing, the Report & Recommendation (**Docket No. 73**) is **ADOPTED** in full.  Consequently, defendant's motion to dismiss (**Docket No. 12**) is **DENIED**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 9th day of March, 2009.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**