IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CARLOS T. ESPADA-SANTIAGO,**
    **Plaintiff,**

    **v.**

**HOSPITAL EPISCOPAL SAN LUCAS, et al.,**
    **Defendants.**

**Civil No. 07-2221 (ADC)**

## OPINION AND ORDER

Plaintiff, Carlos T. Espada-Santiago ("plaintiff"), filed suit against, *inter alia*, Caribbean Emergency Physicians, P.S.C. ("CEP"), Dr. Marcos Godoy ("Godoy"), and the Conjugal Partnership formed between him and his spouse (collectively, "defendants"), alleging claims under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, and Articles 1802 and 1803 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, §§ 5141, 5142. Defendants moved to dismiss the complaint. **Docket Nos. 14, 21**. Plaintiff opposed Godoy's motion to dismiss, but failed to oppose CEP's motion. **Docket Nos. 39, 25.**

Now before the court is the Report and Recommendation ("R & R") issued by Magistrate-Judge Marcos E. López ("Magistrate-Judge") on February 10, 2008, granting in part and denying in part defendants' motions to dismiss, and defendants' partial objections thereto. **Docket Nos. 74, 75, 76**. After conducting a thorough examination of the record and the applicable case law, the court **ADOPTS** in part and **REJECTS** in part the R & R. Thus, defendants' motions to dismiss (**Docket Nos. 14, 21**) are **GRANTED**.

### I.  Factual Background

Inasmuch as defendants have not made specific objections to the Magistrate-Judge's recitation of the factual background, the court hereby adopts the same. **Docket No. 74**, at 2-3.

### II.  Applicable Standards of Review

#### A.  Standard of Review for Objections to a Report and Recommendation

A district court may refer pending motions to a magistrate-judge for a report and

recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); L. Cv. R. 72(a). Any party adversely affected by the recommendation issued may file written objections within ten (10) days of being served with the report and recommendation. 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). The objections must specifically identify those findings or recommendations to which objections are being made. "The district court need not consider frivolous, conclusive, or general objections." *Rivera-García v. United States*, Civ. No. 06-1004 (PG), 2008 WL 3287236, *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987)). Moreover, to the extent the objections amount to no more than general or conclusory objections to the report and recommendation, without specifying to which issues in the report she is objecting, or where the objections are repetitive of the arguments already made to the magistrate-judge, a *de novo* review is unwarranted. *Id.* "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")).

In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636 (a)(b)(1); *see also Templeman v. Cris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo-Rodríguez v. Pfizer Pharma., Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Hence, the court may accept those parts of the report and recommendation to which the plaintiff does not object. *See Hernández-Mejías v. General Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F. Supp. 2d 114, 125-26 (D.R.I. 2004)).

### B.     Motion to Dismiss Standard Under Fed. R. Civ. P. 12(b)(6)

In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court "take[s] as true all well-pleaded allegations and draw[s] all reasonable inferences in the plaintiff's favor." *Ezra Charitable Trust v. Tyco Int'l, Ltd.*, 466 F.3d 1, 5-6 (1st Cir. 2006). The inquiry is therefore limited to facts alleged in the complaint, incorporated into the complaint, or susceptible to judicial notice. *See In re Colonial Mortgage Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003); *Young v. Lepone*, 305 F.3d 1, 11 (1st Cir. 2002) ("The fate of a motion to dismiss under Rule 12(b)(6) ordinarily depends on the allegations contained within the four corners of the plaintiff's complaint."). "The court need not accept a plaintiff's assertion that a factual allegation satisfies an element of a claim, however, nor must a court infer from the assertion of a legal conclusion that factual allegations could be made that would justify drawing such a conclusion." *Cordero-Hernández v. Hernández-Ballesteros*, 449 F.3d 240, 244 n.3 (1st Cir. 2006). However, plaintiff "must allege 'a plausible entitlement to relief.'" *Rodríguez-Ortíz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir. 2007) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1967 (2007)).

### III.    Analysis

### A.     Magistrate-Judge's Recommendations and Defendants' Objections

In the R & R, the Magistrate-Judge recommends that the court: (1) deny defendants' motions to dismiss the complaint for failure to timely serve because the court had granted plaintiff an extension to serve process on defendants, (2) dismiss plaintiff's EMTALA claims against defendants' inasmuch as none of them are "participating hospitals", (3) should exercise supplemental jurisdiction over the state law medical malpractice claims because they form part of the same case and controversy as the EMTALA claim against co-defendant Hospital Episcopal San Lucas ("HESL"), and (4) deny defendants' motion to dismiss the state law medical malpractice claim. **Docket No. 74.** Defendants, while in passive agreement with the majority of the Magistrate-Judge's recommendations, object to his recommendation that

the court exercise supplemental jurisdiction over plaintiff's state law claims.[1] Specifically, defendants contend that the state law medical malpractice claims do not overlap in theory or chronology with the federal EMTALA claims against Hospital San Lucas, and therefore should have been dismissed.

**B.      Discussion**

In the instant case there is no federal jurisdiction over defendants, but solely against co-defendant HESL. *See* **Docket No. 83** (Opinion and Order denying HESL motion to dismiss the EMTALA claim against them). Therefore, the only way for the court to hear and decide the state law medical malpractice claims brought against defendants is if the court exercises pendent jurisdiction over the malpractice claims. Section 1367 of Title 28 of the United States Code provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. "Pendent jurisdiction exists whenever there is a claim arising under the Constitution, the Laws of the United States, and treaties made under their authority and the relationship between that claim and the state claim can be found to constitute, but one constitutional case." *Orria-Medina v. Met. Bus Auth.*, 565 F. Supp. 2d 285, 322 (D.P.R. 2007). Moreover, "the state claims must be linked to the federal claim by a 'common nucleus of operative facts', and must be sufficiently substantial to confer federal court jurisdiction." *Id.* (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *Confederación Laborista De Puerto Rico v. Cervecería India, Inc.*, 607 F. Supp. 1077, 1081 (D.P.R. 1985)). The exercise of pendent jurisdiction is discretionary and should be approached pragmatically. *See id.* at 323 ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims.

---

[1] After reviewing the Magistrate-Judge's other recommendations, namely those dealing with the timeliness of service and the EMTALA claims against defendants, the court **ADOPTS** the same. The court, however, rejects the Magistrate-Judge's recommendation dealing with plaintiff's state law claim in light of the court's decision not to exercise pendent jurisdiction over said claims.

When the balance of these factors indicates a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").

Here, the Magistrate-Judge recommended that, even though the federal claim against CEP and Godoy had been dismissed, the court should exercise pendent jurisdiction over the state law medical malpractice claims because "all of the plaintiff's claims derive from [plaintiff's mother's] medical condition and medical treatment over the relatively short time period from December 24, 2006 to December 30, 2006." **Docket No. 74**, at 8. The court respectfully disagrees. After reviewing the complaint, it does not appear that the state law medical malpractice claims against defendants herein, which center around an emergency room visit and subsequent hospital stay that occurred on December 28, 2006, and the December 24, 2006, emergency room visit to HESL, which forms the basis for the EMTALA claim, form part of the same case or controversy sufficient to justify the exercise of pendent jurisdiction. As defendants point out in their objections, what happened during plaintiff's mother's visit to HESL on December 24, 2006, has no bearing on the medical malpractice claims brought against CEP and Godoy – the claims are separate and distinct actions. The EMTALA claim against HESL rests solely on whether or not HESL complied with its obligations under 42 U.S.C. § 1395dd, while the medical malpractice claims against defendants rely solely on whether defendants properly treated plaintiff's mother's medical condition at a separate an non-related location and on a separate date. Further, the court does not feel that exercising pendent jurisdiction over these claims would serve judicial economy, would be more convenient or would somehow be more fair.

## IV.  Conclusion

In light of the foregoing, the R & R (**Docket No. 74**) is **ADOPTED** in part and **REJECTED** in part. Consequently, defendants' motions to dismiss (**Docket Nos. 14 and 21**) are **GRANTED** in part and **DENIED** in part, therefore, plaintiff's claims against CEP and Godoy are resolved as follows:

- the federal ETMALA claims are **DISMISSED WITH PREJUDICE**;

- the state law medical malpractice claims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 11th day of March, 2009.

                                                    **S/AIDA M. DELGADO-COLÓN**
                                                    **United States District Judge**

Civil No. 07-2221 (ADC) Page 6

- the state law medical malpractice claims are **DISMISSED WITHOUT PREJUDICE**.